NO. 07-06-0153-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 17, 2006

______________________________

TUWI STARKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 331
ST
 DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-05-904188; HONORABLE BOB PERKINS, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND

Appellant, Tuwi Starks, appeals his conviction for the offenses of aggravated assault with a deadly weapon in retaliation and aggravated kidnapping with a deadly weapon and sentence of 14 years incarceration in the Texas Department of Criminal Justice - Institutional Division.  The reporter’s record is due in this cause.  Previous extensions of the applicable deadline have been sought by the court reporter on the basis that appellant has made only partial payment and cannot pay the remaining balance.  Nothing of record appears showing appellant is indigent and entitled to a free record.  This court has received correspondence from retained counsel indicating a desire to withdraw.  However, counsel has not filed a motion to withdraw complying with Texas Rule of Appellate Procedure 6.5.

Accordingly, we now abate this appeal and remand the cause to the 331
st
 District Court of Travis County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal; 

2. whether appellant’s retained counsel will diligently pursue the appeal;

3. if it is determined that present counsel will not diligently pursue the appeal, whether appellant is presently indigent, and if so, whether appellant is entitled to a free appellate record and other appointed counsel on appeal.

The trial court shall cause the hearing to be transcribed.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the district court shall then file the supplemental record with the clerk of this court on or before November 17, 2006.  Should further time be needed by the trial court to perform these tasks, then same must be requested before November 17, 2006. Finally, if the trial court determines that appellant is entitled to appointed counsel and appoints counsel, it must inform this court of the name, address, and state bar number of the appointed counsel.

It is so ordered. 

                                                                        

Per Curiam 

 

Do not publish.